UNITED STATES TRUST COMPANY OF NEW YORK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12941. Promulgated October 16, 1928.

*George L. Shearer, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

PHILLIPS: This proceeding was submitted on a stipulation of the facts which have been adopted as our findings of fact. The stipulation was supplemented by testimony which established that the New York State franchise tax on trust companies accrues rateably over the year, although not payable until after its close.

It appears that petitioner was subject to the New York franchise tax on trust companies, which is an annual tax imposed for the year beginning on July 1 and ending on June 30. Under the decisions of the courts of that State, this tax accrues rateably over such year and is to be based upon the average capital, surplus and undivided profits for the year. The taxpayer kept its books on a calendar year basis and on December 31, 1920, it set up on its books a reserve of $82,565 which represented the franchise tax which had accrued at that date. This was the amount of franchise tax which it would have been required to pay had it ceased business on that day and, under *United States* v. *Anderson*, 269 U. S. 422; 5 Am. Fed. Tax

Rep. 5674, was properly an accrued tax and constituted a proper deduction from income. The petitioner claimed it as such. Some time before petitioner filed its 1921 return, the 1920 return was audited. The case cited above was not decided until 1926, and the audit of the 1920 return must have been made prior to that time. The Commissioner took the position that the tax in question did not accrue until its due date and disallowed the deduction claimed. The petitioner thereupon claimed the amount in question as a deduction for 1921. After the statute had run on any claim for refund of 1920 tax, an audit of the 1921 return was made and the deduction was disallowed on the ground that the amount in question had accrued. in 1920.

The petitioner takes the position that the Commissioner is estopped to deny petitioner the right to deduct this amount in 1921. We are of the opinion that some of the elements of equitable estoppel are missing. In the first place, it has not been shown that petitioner was damaged. It is true that it never will receive a deduction of the taxes which accrued during the last half of 1920, but it is also true that if the Commissioner was consistent in the application of his ruling, it was improperly allowed to deduct from its 1920 income the tax which accrued in the latter half of 1919. While the stipulation is silent as to the amount allowed as a deduction in 1920, the ruling of the Commissioner upon the 1920 return was that such taxes were deductible in the year of payment; presumably the amount of taxes paid in 1920 was allowed as a deduction for that year. This presumption is strengthened when we consider that no claim for refund was filed for 1920. The deficiency letter discloses the capital and surplus of the petitioner as of January 1, 1921, as in excess of $18,000,000. The amount of its state franchise tax indicates substantially the same net worth. It is not to be presumed that a trust company of this size, doing business in the largest city in the United States, would not have protested the action of the Commissioner had it been so inconsistent on its face as to have ruled that taxes were deductible when payable and at the same time have disallowed a part of the taxes which became payable in the taxable year. The position assumed by the Commissioner in the two years was inconsistent, but it does not follow that any loss resulted to petitioner. The burden was on the petitioner to establish that such was the case, for this is one of the elements of equitable estoppel upon which petitioner relies.

It is another element of equitable estoppel that the party claiming the estoppel should have had the right to rely upon the position taken by his adversary. Here there was no misrepresentation of facts; the ruling was solely one of law. Petitioner had claimed that these taxes accrued rateably; the respondent ruled that they accrued when pay-

able. Each was in a similar position with respect to ability to determine what was the law. Petitioner seeks to avoid this conclusion by urging that the statute left it to the sound discretion of the Commissioner to determine when the franchise tax should be deducted, and cites section 212 (b) of the Revenue Acts of 1918 and 1921 and *Hyams Coal Co.* v. *United States*, 26 Fed. (2d) 805. In some matters discretion is lodged in the Commissioner, but with respect to such deductions as taxes the Commissioner has no such discretion as the taxpayer urges. . *United States* v. *Anderson, supra.* The statute provides when they shall be deducted. We see no ground upon which petitioner could be said to have been justified in relying upon the ruling of the Commissioner upon a question of law to the extent necessary to constitute an estoppel. We are of the opinion that if there are circumstances under which the United States may be estopped from collecting taxes legally due except for such estoppel, they no not exist in the instant case.

It may be proper to point out that the question here involved is essentially different from that which arises where one public officer seeks to invalidate or vacate an action or decision made by his predecessor in office. Although having some matters in common, the bases on which the two doctrines rest are so dissimilar that we have not felt it necessary in this opinion to discuss the court and Board decisions which deal with the power of a successor in office.

The petitioner contends that its earned surplus as of January 1, 1921, was improperly reduced by the amount of the franchise tax which had accrued at that date for the last six months of 1920. We are of the opinion that as such taxes were a proper charge against the income of the petitioner for 1920 they were properly deducted in computing its surplus on January 1, 1921.

The petitioner claims that its invested capital should not have been reduced by $52,014.23, the amount of Spanish War taxes which had been illegally exacted from it in past years, for the refund of which it had filed a claim which was paid in 1926. The respondent in his brief confesses error in reducing earned surplus by reason of such payment. The petitioner has also claimed the right to have included in invested capital interest on such amount from the date of payment to March 1, 1913. This must be denied if only for the reason that until the enactment of the Revenue Act of 1921 on November 23, 1921, no right existed to·recover interest from the United States on a refund of taxes overpaid. It follows that on January 1, 1921, the date to be used in computing invested capital, no interest had accrued which ·could be included in the determination of petitioner's surplus on that date.

*Decision will be entered under Rule 50.*